## SUPREME COURT.

The Royal Baking Powder Company agt. George Sherrill *et al.*

*Trade-mark — when a word becomes property and its use as a trade-mark will be protected.*

Where the case clearly shows that the plaintiffs and those through whom they claim were the first to use the word "royal" as a portion of their trade-mark in connection with flavoring extracts, and have continued its use for a considerable number of years:

*Held,* that, such appropriation of this word, although it is a common one, to distinguish an article produced by them, and although it is only applied to one grade of the article they manufacture, but by which distinctive appellation it has come to be known, dealt in, and used, gives to the plaintiffs the right to its exclusive use in respect to such production and such right will be protected.

*Special Term, January,* 1880.

*James W. Gerard,* for plaintiff.

*C. M. Marsh,* for defendant.

Van Vorst, *J.*— The case clearly shows that the plaintiffs and those through whom they claim were the first to use the word "royal" as a portion of their trade-mark in connection with flavoring extracts; and that its use has been continued by them ever since the year 1868.

Such appropriation of this word, although it is a common one, to distinguish an article produced by them, and although it is only applied to one grade of the article they manufacture, but by which distinctive appellation it has come to be known, dealt in, and used, gives to the plaintiff the right to its exclusive use in respect to such production.

If the defendant produces a kindred article he should desig-

nate it by some other distinctive word or character, and not appropriate to himself a term by which the plaintiff's article is peculiarly known and distinguished.

Natural justice suggests such course. The defendants' article is put up in packages quite similar to those of the plaintiff, and it can be readily understood that the defendants' use of the word "royal," although followed, as it is, by the term "standard," is calculated to mislead purchasers who call for the "royal" extract.

The word "royal" in regard to an article produced by one manufacturer, when a similar article is also produced by others, may get a reputation, and go into use in connection with that word. In such case the word itself becomes property, to the extent above indicated, to the one who first distinctly appropriates it to his use. Such seems to be the case with the plaintiff's article in connection with the word "royal." Plaintiffs ought not to lose the advantage of their appropriation of this word through the action of others whether designed or unintentional.

The fact that the defendants had used the word "royal" in connection with a grade of mustard made by them, gives no right to its use to designate a flavoring extract after the plaintiff had first distinctly adopted the use of the word for such other production.

Prior in time, prior in right. There should be judgment in favor of plaintiff, restraining the use by the defendants of the word "royal," singly or as qualifying any other words to designate flavoring extracts.